OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Toledo Bar Association v. Carrigan.
[Cite as Toledo Bar Assn. v. Carrigan (1994),          Ohio St.3d          .]
Attorneys at law -- Misconduct -- Public reprimand -- Engaging in conduct
      prejudicial to the administration of justice.
      (No. 93-2536 -- Submitted November 2, 1994 -- Decided December 20, 1994.)
      On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-32.
      On June 21, 1993, relator, the Toledo Bar Association, charged respondent, Martin D. Carrigan of Toledo, Ohio, Attorney Registration No. 0029477, in two counts, with misconduct. Count I charged respondent with violation of DR 7-104(A)(1) (communicating or causing another to communicate on the subject of the representation with a party he knows is represented by a lawyer in the matter). Count II alleged that respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice). Respondent filed an answer denying the material allegations of the complaint and any misconduct.
      A hearing was held October 13, 1993 before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").
      As to Count I, respondent represented Paul Baehren regarding a default judgment against him on a cognovit note he had executed as guarantor for his son, Stephen Baehren. In a suit by the noteholder against Paul, respondent asserted that Stephen had fraudulently induced Paul to guarantee the note. Respondent prepared an affidavit in which Stephen acknowledged the fraudulent activity. However, on November 6, 1991, Stephen's attorney advised respondent in writing that Stephen was refusing to sign the affidavit because there had been no fraud.

On June 22, 1992, respondent sent a copy of the affidavit to Paul so he could forward it to Stephen. The affidavit was accompanied by a self-addressed stamped envelope in respondent's handwriting, addressed to himself and a self-addressed stamped envelope, in respondent's handwriting, addressed to Stephen, together with a note in respondent's handwriting instructing Stephen to sign the affidavit before a notary public and to return the same to respondent. On June 26, 1992, Paul sent the affidavit and note in the self-addressed envelope to Stephen. Prior to sending the affidavit to Paul, respondent had been informed by his client that Stephen was no longer represented by an attorney and respondent attempted, unsuccessfully, to contact the attorney to verify this information. Stephen's attorney testified at the hearing that she had received a telephone message from respondent but had not had the opportunity to answer his call; she denied that she was not Stephen's counsel during the relevant times.

As to Count II, relator's representative interviewed respondent and asked whether the handwritten note instructing Stephen to sign the affidavit and the self-addressed stamped envelopes had been written by respondent. Respondent testified he had no recollection whether the investigator had specifically asked him whether the note and self-addressed envelopes were written by him, but rather, if the investigator had asked him, respondent would have told him it was his writing. The panel found relator had established that the two self-addressed envelopes and the handwritten note were shown to respondent who denied them to be in his handwriting.

The panel found that relator did not establish by clear and convincing evidence that respondent had knowledge that the other party to the litigation was represented by counsel and dismissed Count I. The panel found as to Count II that relator did establish by clear and convincing evidence that respondent had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and in conduct prejudicial to the administration of justice. The panel recommended that respondent be suspended from the practice of law in Ohio for a period of one year, with six months of that suspension suspended.

The board amended the findings of fact and conclusions of law of the panel, finding a violation of DR 1-102(A)(5) only. Accordingly, the board recommended that respondent be publicly reprimanded and that the costs of the proceedings be taxed to respondent.

George Gernot III and David F. Cooper, for relator.
William M. Connelly and Steven R. Smith, for respondent.

Per Curiam. Based upon our review, the findings and recommendations of the board are affirmed. Respondent is hereby publicly reprimanded and costs are taxed to him.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would dismiss the cause.